IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MICHAEL A. EVANS,
        Petitioner,

vs.                                        Case No.: 3:06cv379/LAC/EMT

WALTER A. McNEIL,[1]
        Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 14).  Respondent filed an answer and relevant portions of the state court record (Docs. 67, 69).  Petitioner filed a reply (Doc. 87).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.        BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (Doc. 69).  Following a jury trial on August 26, 2004, in the County Court for Okaloosa County, Florida, Case No. 2004 MM 001605, Petitioner was found guilty of two misdemeanors, one count of open container of alcohol and one count of possession of marijuana in

_____

[1]Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

an amount under 20 grams (*see* Doc. 69, Ex. A; Doc. 14, Statement of the Case).  On September 9, 2004, Petitioner was adjudicated guilty and sentenced to concurrent terms of six (6) months of probation (Doc. 69, Ex. B; Doc. 14, Statement of the Case).  The order of probation was filed with the clerk on September 27, 2004 (Doc. 69, Ex. B).  On September 9 and 22, 2004, Petitioner filed a notice of appeal and amended notice of appeal, as well as a motion for stay of his sentence pending appeal and a motion for certification of indigence (Doc. 69, Exs. A, C, D; Doc. 14, Statement of the Case).  The appeal was assigned Case No. 2005 AP 000472 (Doc. 69, Ex. G).  On November 5, 2004, the court issued a probation violator warrant (Doc. 69, Ex. A, Offense Docket).

On February 2, 2005, Petitioner filed a petition for writ of habeas corpus or prohibition in the Florida Supreme Court, Case No. SC05-182, in which he requested that the court hear his direct appeal (*see* Doc. 14, Statement of the Case, Ex. D).  On February 22, 2005, the Florida Supreme Court transferred the habeas petition to the Circuit Court for Okaloosa County and also directed the circuit court to consider the petition as including a request for belated appeal (Doc. 69, Ex. E).  The habeas petition was assigned Case No. 2005 CA 000844 (Doc. 69, Exs. F, I).  On March 9, 2005, after the habeas petition was transferred to the Okaloosa circuit court, Petitioner filed an amended habeas petition in the Florida Supreme Court, as well a motion for rehearing of the order transferring the case to the circuit court (*see* Doc. 14, Statement of the Case, Ex. D).  On March 15, 2005, the appellate court in Case No. 2005 AP 000472 (Petitioner's original appeal) issued an Order to Show Cause/Order of Dismissal directing Petitioner to show cause, within ten (10) days, why the original appeal of his conviction should not be dismissed for Petitioner's failure to file a motion to proceed as an indigent or pay the filing fee; the order also provided that if no good cause was shown within that time, the appeal would be dismissed without further action from the court (Doc. 69, Ex. H).  A certified copy of the Order to Show Cause/Order of Dismissal was filed April 7, 2005 (Doc. 69, Ex. A , *see also* Ex. G).  Also on March 15, the circuit court in Case No. 05-CA-844 denied Petitioner's habeas petition but granted Petitioner an additional thirty (30) days to file a belated appeal of his original conviction and probation order and pay the appellate filing fee or submit a motion to proceed as an indigent (Doc. 69, Exs. F, I; Doc. 14, Statement of the Case).  On March 28, 2005, the state supreme court denied Petitioner's motion for rehearing (Doc. 14, Statement of the Case; *see also* Doc. 69, Ex. A).

On April 4, 2005, Petitioner was adjudicated guilty of violation of probation; his probation was reinstated for four (4) months and Petitioner was ordered to report to the probation office within 24 hours (Doc. 14, Statement of the Case; Doc. 69, Ex. A).  On April 5, 2005, Petitioner filed a notice of appeal of the order reinstating probation and a motion for stay pending appeal in the Okaloosa circuit court (*id.*).  The appeal was assigned Case No. 2005 AP 001491 (Doc. 69, Ex. J). On April 12, 2005, the trial court issued another probation violator warrant (Doc. 69, Ex. A).

On April 27, 2005, Petitioner's father filed a habeas petition and a motion to proceed as next friend on Petitioner's behalf in the Florida Supreme Court, Case No. SC05-725 (Doc. 14, Statement of the Case, Ex. B).  *See* <u>Evans v. Florida</u>, No. SC05-725, online docket at <u>http://web.flcourts.org/pls/docket/ds_docket_search.</u> (copy attached).  Petitioner's father subsequently filed a motion for stay (Doc. 14, Statement of the Case). *Id.*  On June 2, 2005, the state supreme court denied the motion to proceed as next friend and ordered the habeas petition, amended petition, and motion for stay stricken from the record; additionally the court granted Petitioner twenty (20) days to file a habeas petition on his own behalf or by a licensed attorney (*id.*). *Id.* Petitioner filed a motion to stay the proceedings in the Florida Supreme Court, and on December 5, 2005, the state supreme court granted the stay to the extent that proceedings in the state supreme court were stayed until January 4, 2006. *Id.*  Petitioner subsequently filed another motion for stay, which the state supreme court denied on February 23, 2006. *Id.*  On March 29, 2006, the supreme court dismissed the habeas petition for failure to comply with its directive to file a petition signed by himself or a licensed attorney (Doc. 67, Ex. A). *Id.*  On July 25, 2006, the state supreme court denied Petitioner's motion to "recall the mandate/judgment" and stated that no further documents would be considered by the court (Doc. 14, Statement of the Case). *Id.*

On May 30, 2006, the Okaloosa circuit court rendered an order in appellate case number 2005 AP 001491 (the appeal of the probation revocation) setting a ten-day deadline for Petitioner to file directions to the clerk and designation of any transcript to the court reporter's office and notifying Petitioner that his failure to comply with any of the deadlines would result in the appeal being dismissed with prejudice without further action by the court (*see* Doc. 69, Exs. J, K). According to the docket, the appeal was dismissed on July 5, 2006 (*see* Doc. 69, Ex. J).

Petitioner filed the instant habeas action on September 6, 2006 (Doc. 1).  Respondent concedes that the petition is timely (Doc. 67 at 4).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2)

---

[2]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

"involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the

court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable."  Williams, 529 U.S. at 409.  Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); cf. Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).  The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion."  Williams, 529 U.S. at 410–12.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see e.g. Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s

"unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, --- U.S. --- 127 S. Ct. 2842, 2858, --- L. Ed. 2d --- (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

## III. EXHAUSTION AND DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to

---

[3]Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
        (A)  the applicant has exhausted the remedies available in the courts of the State; or
        (B) (i)  there is an absence of available State corrective process; or
            (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  404 U.S. at 277.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).  The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  Anderson, 459 U.S. at 7 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim.  *Id.*, 459 U.S. at 7 and n.3.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364.  The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."  Duncan, 513

---

[4]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

U.S. at 365–66.  Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that  "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  Id.  With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review.  Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  See Coleman v. Thompson, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v.

---

[5]In  his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law."  McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments.  Id.

Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).  In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine.  Bailey, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar.  *Id.*.  A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question.  *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate.  *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467,

---

[6]The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  <u>Tower</u>, 7 F.3d at 210.  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." <u>Schlup</u>, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

IV.   PETITIONER'S CLAIMS

Petitioner raises the following claims:

Ground one: "<u>Dismissal of habeas corpus for not complying with Fla. Jud. Admin. 2.060(D).</u>

After numerous responses stating that 28 U.S.C. § 2242 authorizes next friend representation, the Florida Supreme Court dismissed petition for failing to comply with Fla. Jud. Admin. 2.060(D)."

Ground two: "<u>Constitutionality of municipal ordinance.</u>

Arrested and convicted for the alleged crime of possession of alcohol."

Ground three: "<u>Unconstitutionally convicted of felony charge not contemplated at trial.</u>

Although nothing in the record indicates that I was in possession of prescription drugs (893.13(6)(A)), the state charged and convicted petition[er] of the offense."

Ground four: "<u>Denial of access to courts.</u>

While incarcerated in Okaloosa County Jail, I was unable to conduct my own legal research as required."

Ground five: "Denial of timely motion of suppress [sic] without required evidentiary hearing.

Prior to trial, I filed a 'Motion to Suppress' which was summarily denied as being 'without merit.'"

Ground six: "Due process violation for refusing to consider a timely filed motion for stay pending appeal.

I filed a motion to stay probation pending disposition of an appeal.  Trial court refused to even consider the motion and subsequently violated the probation, which led to my arrest and being charged with violation of probation."

Ground seven: "Due process violation: Denial of right to appeal.

The trial court refused to enter a final signed order for appellate purposes. As a result, I was denied my right to appeal because trial court retained jurisdiction as if I had never filed an appeal."

Ground eight: "Due process violation: Denial of right to confront and cross-examine the witness.

The trial court sua sponte reinstated the probation without allowing me the opportunity to cross-examine any witness.  The witness was a probation officer who no longer worked for the probation office."

(Doc. 14 at 5, attached pages).

Respondent contends claims two, three, four, five, six, and eight are unexhausted because the claims were cognizable on direct appeal of Petitioner's conviction and probation revocation, but Petitioner failed to pursue a direct appeal or present the claims in a post-conviction application (Doc. 67 at 6–7).  Respondent further argues that Petitioner may no longer return to state court to exhaust the claims; therefore, they are procedurally barred from federal review (*id.* at 7–9).  Respondent additionally contends that claims one, two, five, and six allege violations of state law and, therefore, are not cognizable on federal habeas review, and claims one, four, and six are not cognizable because they do not relate to the cause of Petitioner's detention (*id.* at 9–13).  Respondent states that

the only issue which is properly before this federal court is issue seven, and that claim is without merit (*id*. at 13–17).

    A.   <u>Claims two, three, five, six, and eight: constitutionality of municipal ordinance, conviction for felony not charged in charging document, denial of motion to suppress, refusal to grant stay pending appeal, denial of right to confront and cross-examine witness.</u>

As previously noted, Respondent contends these claims are unexhausted and procedurally barred because they could have and should have been raised on direct appeal of Petitioner's original conviction or the probation revocation, and Petitioner failed to prosecute an appeal or present the claims in a post-conviction motion. Furthermore, state law precludes him from returning to state court to present the claims; therefore, they are procedurally barred from federal review.

In Petitioner's reply brief, Petitioner contends that he satisfied the exhaustion requirement by presenting his claims to the state supreme court in the "next friend" habeas petition filed by his father (Doc. 87 at 5). He states the supreme court dismissed the case as a sanction for Petitioner's failure to comply with an order directing him to submit a habeas petition on his own behalf, but the state supreme court violated federal law by failing to permit Petitioner's father to proceed on his behalf (*id*.).

Initially, Petitioner's claim that the state supreme court's denial of his father's motion to proceed in a "next friend" capacity violated federal law is without merit. With rare exception, non-attorneys are not permitted to represent others in a legal capacity, and the exceptions to this rule are limited in scope. *See generally* <u>Wolff v. McDonnell</u>, 418 U.S. 539, 577–80, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); <u>Guajardo v. Luna</u>, 432 F.2d 1324, 1325 (5th Cir. 1970); <u>Herrera-Venegas v. Sanchez-Rivera</u>, 681 F.2d 41, 42 (1st Cir. 1982). Relevant to the use of "next friends" in habeas corpus cases, the United States Supreme Court has stated:

    A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. <u>Morgan v. Potter</u>, 157 U.S. 195, 198, 15 S. Ct. 590, 591 30 L. Ed. 670 (1895); <u>Nash ex rel. Hashimoto v. MacArthur</u>, 87 U.S. App. D.C., 268–270, 184 F.2d 606, 607-608 (1950), *cert. denied*, 342 U.S. 838, 72 S. Ct. 64, 96 L. Ed. 634 (1951). Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility,

mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. pending*, No. 89–81; Smith ex rel. Missouri Public Defender Comm'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir.), *cert. denied*, 483 U.S. 1033 (1987), 107 S.Ct. 3277, 97 L. Ed. 2d 781 (1987); Weber v. Garza, 570 F.2d 511, 513–514 (5th Cir. 1978).  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, *see e.g.*, Morris v. United States, 399 F.Supp. 720, 722 (E.D. Va. 1975), and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.  Davis v. Austin, 492 F.Supp. 273, 275–276 (N.D. Ga. 1980) (minister and first cousin of prisoner denied "next friend" standing).  The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. Smith, *supra*, at 1053; Groseclose ex rel. Harries v. Dutton, 594 F.Supp. 949, 952 (M.D. Tenn. 1984).
. . . .
Indeed, if there were no restriction on "next friend" standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

Whitmore v. Arkansas, 495 U.S. 149, 163–64, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990); *see also* Sanchez-Velasco v. Sec'y of Dep't of Corrections, 287 F.3d 1015, 1025 (11th Cir. 2002); Lonchar v. Zant, 978 F.2d 637, 641–42 (11th Cir. 1992).

In the instant case, while the court considers that Petitioner's father met the second prong of the test outlined in Whitmore, the assertions in his father's motion to proceed as "next friend" fail to demonstrate that Petitioner was unable to proceed either himself or through legal counsel. Petitioner's father alleged that Petitioner was incarcerated at the county jail, and pursuant to jail policy, inmates who were not represented by legal counsel were permitted to conduct legal research only by submitting a form to jail staff requesting specific information about the legal matters they wished to research, and jail staff would then research the request but not in a timely manner (Doc. 14, Ex. B, Motion to Proceed as Next Friend at 3).  Petitioner's father argued that the jail's system of research denied Petitioner access to the courts.  The circumstances alleged by Petitioner's father are distinguishable from those cases where courts have granted "next friend" standing and fall far short of demonstrating that Petitioner was unable to appear on his own behalf or through legal counsel.  *See, e.g.,* Hamdi v. Rumsfeld, 542 U.S. 507, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004) (father appeared as "next friend" of citizen-detainee seeking to challenge classification as an "enemy

combatant" where detainee had not been informed of the factual basis for his classification and detention, did not have any opportunity to appear before a court or tribunal, and was not permitted access to legal counsel); Weber v. Garza, 570 F.2d 511, 514 n.4 (5th Cir. 1978)[7] (illustrations of the proper use of the "next friend" application include the detainee's inability to understand the English language or the situation, the impossibility of access to the detainee, or detainee's mental incapacity). In the instant case, Petitioner's father did not allege that Petitioner was unable to appear through legal counsel or that Petitioner was unable to sign and verify the habeas petition that he (Petitioner's father) had prepared on Petitioner's behalf.  Accordingly, the Florida Supreme Court's denial of the motion to appear as "next friend" did not violate federal law.  This determination disposes of Petitioner's contention that he exhausted claims two, three, five, six, and eight by presenting them to the state supreme court in the "next friend" habeas petition.  Furthermore, Petitioner does not allege that he presented claims two, three, five, six, or eight to the state courts in any other proceeding; therefore, the undersigned concludes that Petitioner failed to exhaust claims two, three, five, six, and eight.

The next issue is whether Petitioner may return to state court to present the claims.  Florida law requires challenges in the nature of claims two, three, five, six, and eight to be raised on direct appeal of a conviction.  Indeed, challenges to a conviction based upon the unconstitutionality of a criminal ordinance, defects in the charging document, the denial of a motion to suppress, the trial court's failure to grant a stay pending appeal, and the denial of the right to confront witnesses are properly presented on direct appeal of the conviction.  *See* Farina v. State, 937 So. 2d 612, 617 and n.4 (Fla. 2006) (rejecting as procedurally barred claims that state sentencing statute was unconstitutional because claim should have been raised on direct appeal) (citing Johnson v. State, 593 So. 2d 206, 208 (Fla. 1992) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.")); Suggs v. State, 923 So. 2d 419, 439 (Fla. 2005) (any challenge to trial court's denial of motion to suppress should have been raised on direct appeal, not in postconviction motion); Floyd v. State, 808 So. 2d 175, 181–82 (Fla. 2002) (claims of prosecutorial misconduct, improper jury instructions, and an unconstitutional death

---

[7]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

penalty statute were procedurally barred on motion for post-conviction relief, where the issues could have been raised on direct appeal in capital murder prosecution); Rivera v. Dugger, 629 So. 2d 105, 107 (Fla. 1993) (guilt-phase claims as to whether defendant was prejudiced by his absence from certain proceedings, whether alleged failures of translator prejudiced defendant, whether jury instructions on flight and felony-murder were adequate, alleged denial of defendant's right to cross-examine witnesses, whether trial court improperly dismissed juror for cause, and whether presence of uniformed police at trial prejudiced defendant were procedurally barred on appeal of denial of motion for postconviction relief where claims could have been raised on direct appeal but were not).

   In the instant case, on March 15, 2005, the Okaloosa circuit court in Case No. 05-CA-844 granted Petitioner thirty (30) days to file a belated appeal of his original conviction and probation order and pay the appellate filing fee or submit a motion to proceed as an indigent (Doc. 69, Exs. F, I; Doc. 14, Statement of the Case). Petitioner does not allege that he complied with the order, and the record is devoid of any indication he did so. Although Petitioner filed a notice of appeal on April 5, 2005, that appeal concerned the order reinstating probation based upon the violation of probation, which was rendered by the trial court on April 7, 2005 (see Doc. 14, Statement of the Case; Doc. 14, Exs. A, J, K). Even if Petitioner's April 5 notice appeal of the order reinstating probation was construed as a proper appeal of both the probation revocation and the original conviction and order of probation, Petitioner failed to prosecute that appeal by failing to comply with the order issued by the appellate court on March 30, 2006, requiring him to file directions with the clerk within ten days or the appeal would be dismissed without further action from the court (Doc. 69, Ex. K). Petitioner does not allege he filed directions with the clerk within the deadline, and nothing in the record indicates that he did so. Accordingly, the appeal was dismissed for failure to comply with the order. Because Petitioner failed to raise claims two, three, five, six, or eight on direct appeal, the claims are procedurally defaulted for federal habeas purposes.[8]

----

[8]The undersigned deems it necessary to point out the frivolity of Petitioner's challenge to the charging document. Petitioner asserts that the information charged him with possession of less than 20 grams of cannabis, and although this crime is a misdemeanor, the information charged him with a felony by citing Florida Statutes Section 893.13(6)(a) (see Doc. 14 at 5, attached pages). Petitioner further argues that the information failed to sufficiently charge him with a violation of § 893.13(6)(a) because it failed to state he was in "actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid

As previously discussed, Petitioner may overcome a procedural bar by satisfying the cause and prejudice standard.  For cause to exist, Petitioner must show that an external impediment prevented him from raising his claims.  <u>McCleskey</u>, 499 U.S. at 497.  Liberally construing Petitioner's claim four of the instant petition as asserting cause for his failure to prosecute an appeal by virtue of his inability to conduct legal research while he was incarcerated at the Okaloosa County Jail from April 13 to May 20, 2005 (Doc. 14, Statement of the Case; Doc. 69, Ex. A), Petitioner has failed to show that he made any effort to comply with the March 15 order directing him to file an appeal and pay the filing fee or submit an indigency motion by April 15.  Petitioner does not dispute

---

prescription or order of a practitioner while acting in the course of his or her professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter" (*id*.).

> Count 2 of the information charged the following:

> **MICHAEL ANTHONY EVANS**, the defendant in this case, has also been accused of the crime of Possession of Controlled Substance (Less than 20 Grams of Cannabis), in that on or about May 15, 2004, at and in Okaloosa County, Florida, **MICHAEL ANTHONY EVANS** did unlawfully and knowingly be in actual or constructive possession of a controlled substance, to-wit: less than 20 grams of Cannabis, in violation of Sections 893.13(6)(a) and 893.13(6)(b)

(Doc. 14, attached pages).  The relevant statute provides as follows:

> (6)(a) It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter.  Any person who violates this provision commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

> (b) If the offense is the possession of not more than 20 grams of cannabis, as defined in this chapter, the person commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

Fla. Stat. § 893.13(6)(a, b).  Initially, Petitioner was not convicted of a felony involving possession of a controlled substance; he was convicted only of misdemeanor possession of cannabis (and the misdemeanor open container offense) (*see* Doc. 69, ex. B).  Furthermore, Section  893.13(6)(a) is the general provision that defines possession of a controlled substance as a crime, and § 893.13(6)(b) classifies as a misdemeanor the category of violations of § 893.13(6)(a) which involve less than 20 grams of cannabis.  Therefore, the citation to both provisions of the statute was not erroneous. Additionally, the fact that the information stated that Petitioner was knowingly in actual or constructive possession of less than 20 grams of cannabis was sufficient to charge him with misdemeanor possession of a controlled substance, without stating that the possession was not lawfully obtained from a practitioner or pursuant to a prescription.  The essential elements of the crime of possession of a controlled substance are:  (1) Petitioner possessed a certain substance, (2) the substance was cannabis, and (3) Petitioner had knowledge of the presence of the substance.  *See* Florida Standard Jury Instructions in Criminal Cases, Part Two: Instruction on Crimes § 25.7.  In the instant case, the information included those elements.  Therefore, Petitioner's claim that the information failed to sufficiently charge his with possession of a controlled substance is without merit.

that his incarceration did not begin until April 13, only two days before expiration of the deadline established by the court, and Petitioner does not allege that he made any effort to comply with the order in the twenty-eight (28) days preceding his incarceration or that he was somehow prevented from filing a notice of appeal and indigency document, which required no legal research. Furthermore, to the extent the notice of appeal of the order reinstating probation provided Petitioner another opportunity to directly appeal his original conviction, Petitioner does not allege cause for failure to comply with the order issued on March 30, 2006, well after Petitioner's release from the jail, directing him to file directions with the clerk.  Therefore, Petitioner has failed to satisfy the cause and prejudice standard for excusing his procedural default.  Accordingly, Petitioner is not entitled to federal review of claims two, three, five, six, and eight.

      B.     Claim one: "Dismissal of habeas corpus for not complying with Fla. Jud. Admin. 2.060(D)."

(Doc. 14 at 4).  Petitioner claims that the Florida Supreme Court violated federal law by denying his father's motion to file a "next friend" habeas petition.  As previously discussed, the Florida Supreme Court's denial of the motion did not violate federal law; therefore, Petitioner is not entitled to relief on this claim.

      C.     Claim four: "Denial of access to courts."

(Doc. 14 at 5).  Petitioner claims that while he incarcerated at Okaloosa County Jail, from April 13 to May 20, 2005, he was unable to conduct legal research.  Respondent asserts that this claim is not cognizable in federal habeas because it does not relate to the cause of Petitioner's detention (Doc. 67 at 12–13).

     Claims that challenge the conditions of a petitioner's confinement and not the fact or duration thereof do not state a habeas corpus cause of action, rather, a civil rights cause of action under 42 U.S.C. § 1983.  *See* McKinnis v. Mosely, 693 F.2d 1054, 1056–57 (11th Cir. 1982).  Even if Petitioner prevailed in his argument that he was denied access to the courts during his five-week incarceration, he would not be entitled to reversal of his conviction, rather, the appropriate remedy would be to enjoin continuance of any unconstitutional practices at the jail or require correction of any conditions causing the constitutional violation.  *See* Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990) (relief for Eighth Amendment violation does not include release from confinement).

     Furthermore, Petitioner has failed to establish a constitutional violation.  It is settled law that

interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983.  Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).  However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved.  Lewis, 518 U.S. at 350–51.  The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court."  Id. at 353.  Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim."  Id. at 354.  A prisoner must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'"  Id. at 354-55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).  Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of the alleged unconstitutional condition.  Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); see also Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998).  So long as the prisoner was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts.  Wilson, 163 F.3d at 1291.  Moreover, a prisoner cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  Lewis, 581 U.S. at 353 n.3; Wilson, 163 F.3d at 1291.

In the instant case, Petitioner does not identify the nature of the litigation he was purportedly attempting to pursue during his five-week incarceration.  Furthermore, he does not allege that he attempted to utilize the allegedly unconstitutional legal research process at the jail, that his case was impeded by the jail policy regarding legal research, or that the case he was allegedly attempting to pursue had arguable merit.  Therefore, he is not entitled to federal relief on his claim of denial of access to the courts.

D.      Claim seven: "Due process violation: Denial of right to appeal."

(Doc. 14 at 6).  Petitioner claims the trial court refused to enter a final signed order placing him on probation and refused to rule on his motion for stay and motion for certification of indigence, thereby preventing him from pursuing his appeal and erroneously retaining jurisdiction over the pending probation revocation (*id*.).  Petitioner acknowledges that the order bears the trial judge's rubber stamped signature, but he contends the rubber-stamped signature is not sufficient under state law to deem the order rendered for purposes of triggering his right to appeal.  Petitioner states he raised this issue in his habeas petition to the Florida Supreme Court (*see* Doc. 14, Ex. D).

Respondent concedes that this issue is cognizable in federal habeas, and that Petitioner exhausted his state court remedies by raising it in a habeas petition originally filed in the Florida Supreme Court (Doc. 67 at 15).  Respondent states that state appellate rules require that petitions seeking belated appeals be filed in the appellate court to which the appeal was or should have been taken.  *See* Fla. R. App. P. 9.141(c).  Therefore, the state supreme court correctly transferred the habeas petition to the Circuit Court for Okaloosa County for consideration (*id*. at 16).  Additionally, the Okaloosa circuit court granted Petitioner the right to appeal his conviction.  Because Petitioner received the opportunity to appeal his conviction, he has failed to show the state court decision was contrary to or an unreasonable application of Supreme Court law (*id*. at 16–17).

1.      Clearly Established Supreme Court Law

"An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal.  A review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law and is not now a necessary element of due process of law.  It is wholly within the discretion of the State to allow or not to allow such a review. . . . [W]hether an appeal should be allowed, and, if so, under what circumstances, or on what conditions, are matters for each state to determine for itself."  McKane v. Durston, 153 U.S. 684, 687–88, 14 S. Ct. 913, 914, 38 L. Ed. 867 (1894).

Florida law provides a criminal defendant may appeal a final judgment adjudicating guilt.  Fla. R. App. P. 9.140(b).  To commence an appeal, the defendant must file a notice of appeal, as prescribed by Rule 9.110(d), with the clerk of the lower tribunal at any time between rendition of a final judgment and thirty (30) days following rendition of a written order imposing sentence.  Fla.

R. App. P. 9.140(b)(3).  The circuit courts have mandatory appellate jurisdiction of final orders of lower tribunals in criminal cases.  Fla. R. App. P. 9.030(c)(1)(A).  The Florida Supreme Court has a limited mandatory appellate jurisdiction which includes only appeals from final judgments of trial courts imposing the death penalty and from decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution and, when provided by general law, final judgments entered in proceedings for the validation of bonds or certificates of indebtedness and shall review action of statewide agencies relating to rates or service of utilities providing electric, gas, or telephone service.  Fla. Const. Art. 5 § 3(b).

> 2.      Federal Review of State Court Decision

Petitioner raised this claim of denial of his right to appeal in his petition to the Florida Supreme Court (*see* Doc. 14, Ex. D). Petitioner claimed the trial court refused to enter a final signed order placing him on probation and refused to rule on his motion for stay and motion for certification of indigency, thereby preventing him from pursuing his appeal and erroneously retaining jurisdiction over the pending probation revocation (*id.*).  The Florida Supreme Court transferred the case to the Circuit Court for Okaloosa County, pursuant to Harvard v. Singletary, 733 So. 2d 1020 (Fla. 1999), which provides that the state supreme court may decline original jurisdiction and transfer or dismiss writ petitions which raise substantial issues of fact or present individualized issues that do not require immediate resolution by supreme court, or are not the type of case in which an opinion from the supreme court would provide important guiding principles for the other state courts (Doc. 69, Ex. E).

On March 15, 2005, the Okaloosa circuit court issued a written order in which the court found as fact that Petitioner failed to show that he filed or requested a supersedeas bond or that the trial court entered a stay pending appeal; therefore, according to state law, the trial court retained jurisdiction to enforce the terms of the unstayed and unsuperseded judgment and proceed with a violation of probation hearing (Doc. 69, Ex. I).  The circuit court also concluded that the order of probation with the rubber-stamped signature of the trial judge constituted a final appealable order (*id.*).  Additionally, the court found as fact that Petitioner attempted to timely file an appeal of his conviction and probation order; therefore, he was entitled to a belated appeal, but because Petitioner had failed to attach to his habeas petition a copy of his motion for certification of indigency and

declaration of indigency, the circuit court could not determine whether they were legally sufficient and whether Petitioner should be found indigent for purposes of appeal (*id.*).  Accordingly, the state court denied the habeas petition to the extent Petitioner sought an order prohibiting the trial court from proceeding with the probation revocation, and granted Petitioner thirty days to file an appeal of his conviction and probation order and pay the filing fee or file a legally sufficient indigency motion and affidavit (*id.*).

Petitioner has failed to rebut the state court's factual findings with clear and convincing evidence.  Therefore, these findings are presumed correct, specifically, that Petitioner attempted to timely file an appeal of his conviction and probation order, that he failed to attach to his habeas petition a copy of his motion for certification of indigency and declaration of indigency, and that he failed to show that he filed or requested a supersedeas bond or that the trial court entered a stay pending appeal.  Additionally, "state courts are the ultimate expositors of state law," and federal courts must therefore abide by their rulings on matters of state law.  Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S. Ct. 1881, 1886, 44 L. Ed. 2d 508 (1975) (citations and footnote omitted); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983).  Therefore, this court must defer to the state court's determination that the order of probation with the rubber-stamped signature of the trial judge constituted a final appealable order, that the trial court retained jurisdiction to enforce the terms of the unstayed and unsuperseded judgment and proceed with a violation of probation hearing, and that Petitioner failed to establish in the habeas proceeding that he qualified as an indigent for purposes of appeal of the conviction and order of probation.

In light of the state court's factual findings and state law determinations, Petitioner has failed to show that the Okaloosa circuit court's decision denying prohibition of the probation revocation proceeding and granting a belated appeal was contrary to or an unreasonable application of clearly established Supreme Court law.  Therefore, Petitioner has failed to show he is entitled to federal habeas relief.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Walter A. McNeil is substituted for James McDonough as Respondent.

And it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 14) be **DENIED**.

At Pensacola, Florida, this 12<u>th</u> day of May 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**